**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREGORY JOE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-134-F |
| ) | |
| JOHN WHETSEL, OKLAHOMA ) | |
| COUNTY DISTRICT COURT, ) | |
| OKLAHOMA BOARD OF COUNTY ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner[1] appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Six motions are pending. Plaintiff has filed a Motion to Amend and Add Parties [Doc. #20] seeking to amend the complaint by adding plaintiffs and receiving class certification, a Motion to Amend Relief Requested [Doc. #21] seeking immediate release as well as monetary damages, a Motion for Extraordinary Writ [Doc. #32] alleging denial of access to a law library and again seeking immediate release, a Motion for Appointment of Counsel [Doc.#54], a Motion for Department of Justice Intervention [Doc. #55], a Motion for Order allowing discovery and demanding trial by jury and setting of trial date [Doc. #62]

---

[1] Plaintiff was incarcerated as a pretrial detainee when he filed this action.

and an Application for Immediate Relief [Doc. #69].[2]  Defendants John Whetsel and the Board of County Commissioners of Oklahoma County (Defendant Board) have filed a Motion to Dismiss [Doc. #37] supported by a Special Report attached thereto.  Plaintiff has filed a response [Doc. #42].

It is recommended that the Motion to Dismiss of Defendants Board and Whetsel be granted.  It is further recommended that all claims against the District Court of Oklahoma County be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B)(ii).  Finally, it is recommended that Plaintiff's pending motions be denied.

## I.    Background

Plaintiff states that he was arrested without a warrant on January 27, 2007, and incarcerated in the Oklahoma County Detention Center (OCDC).  According to Plaintiff, no probable cause hearing was ever held.  Plaintiff states that he filed a Petition for Writ of Habeas Corpus in the District Court of Oklahoma County on February 8, 2007.[3]  A few days later, Plaintiff was released.[4]

---

[2] If this Report and Recommendation is adopted, Plaintiff's Motion to Amend to Add Parties, Motion to Amend Relief Requested, Motion for Appointment of Counsel, Motion for Department of Justice Intervention, Motion for Order and Application for Immediate Relief should be denied as moot.  Plaintiff's Motion for Extraordinary Writ will be addressed separately.

[3] The Court takes notice of the docket sheet for Case No. WH-2007-4, District Court of Oklahoma County which may be accessed at www.oscn.net.

[4] Plaintiff attributes his release to the filing of the petition for writ of habeas corpus.  A document included in the Special Report, however, states that the Oklahoma City Police Department "declined to file." *See* Doc. #37-3.  The docket sheet for Case No. WH-2007-4 indicates that a letter sent to Plaintiff was returned.  It is not clear whether the District Court of Oklahoma ever ruled on Plaintiff's Petition.

On February 22, 2007, the State filed criminal charges against Plaintiff based on the events of January 27, 2007, which had culminated in Plaintiff's arrest. He was charged with Aggravated Eluding a Police Officer, Driving Under the Influence of Alcohol, Leaving the Scene of an Accident with Personal Injury, and Driving While Privilege Revoked. *See State of Oklahoma v. Gregory Joe Edwards*, Case No. CF-2007-1086, District Court of Oklahoma County.[5] The state court judge issued a warrant for Plaintiff's arrest the same day, February 22, 2007. The arrest warrant was returned executed on December 13, 2007, and Plaintiff was arraigned on December 14, 2007. He pled not guilty.

Plaintiff filed this § 1983 action on February 4, 2008. Thereafter, on March 4, 2008, the State moved to dismiss the charges against Plaintiff in Case No. CF-2007-1086. The charges were dismissed, and the state district court ordered Plaintiff's immediate release. On the same day, however, the State re-filed the charges against Plaintiff. *See State of Oklahoma v. Gregory Joe Edwards*, Case No. CF-2008-1199, District Court of Oklahoma County.[6] A warrant for Plaintiff's arrest was issued and executed the same day, and Plaintiff was arraigned the next day, March 5, 2008. He initially pled not guilty.[7]

---

[5]The Court takes notice of the docket sheet for Case No. CF-2007-1086 which may be accessed at www.oscn.net.

[6]The Court takes notice of the docket sheet for Case No. CF-2008-1199 which may be accessed at www.oscn.net.

[7]On October 6, 2008, during the pendency of this action, Plaintiff pled guilty to all charges in Case No. CF-2008-1199.

## II.    Claims Presented

In Count One, Plaintiff contends that on January 27, 2007, he was arrested without probable cause in violation of his Fourth Amendment rights.  Plaintiff further contends that immediately after his warrantless arrest, he was unlawfully detained for over 14 days without a judicial determination of probable cause.  According to Plaintiff, this unlawful detention violated not only his Fourth Amendment rights, but his Fifth, Sixth, Eighth and Fourteenth Amendment rights.  In Count Two, Plaintiff states that his "rearrest" on the same charges, with no new evidence denied him equal protection of the laws and, is "unconstitutional, unlawful, and just wrong."  Complaint at 3, 5.  In Count Three, Plaintiff contends that numerous conditions of his confinement violated his constitutional rights and deprived him of due process.

## III.    Plaintiff's Motion for Extraordinary Writ

In Plaintiff's Motion for Extraordinary Writ, Plaintiff contends that his constitutional right to access the courts was violated when, as a pretrial detainee, he was not allowed access to a law library.  The relief Plaintiff seeks, however, is immediate release.  In other words, Plaintiff is seeking habeas relief.  Such relief is not available in a civil rights action brought pursuant to 42 U.S.C. § 1983.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action attacks the conditions of the prisoner's

confinement and requests monetary compensation for such conditions." (internal quotation marks and ellipsis omitted)).

Moreover, Plaintiff has failed to state a claim upon which relief may be granted. Although the Supreme Court has recognized a fundamental constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Court has made it clear that prisoners are entitled to meaningful, but not total or unlimited, access to the courts. *Id.* at 823. Further, a prisoner's contentions of deprivation of access to courts must show actual injury, not mere deprivation, as a "constitutional prerequisite" to bringing a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to access the courts prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim. *See Green v. Johnson*, 977 F.2d 1383, 1389-90 (10th Cir. 1992). To state a valid claim in this context, however, a prisoner must still demonstrate an actual injury that "hindered his efforts to pursue a legal claim." *Lewis* at 351. Plaintiff has not alleged any actual injury resulting from the alleged deprivation of a law library. This claim, therefore, fails to state a claim upon relief may be granted. Plaintiff's Motion for Extraordinary Writ should be denied.

**IV.   Claims Against The District Court of Oklahoma County**

In addition to Defendant Whetsel and Defendant Board, Plaintiff names as a defendant in this action the District Court of Oklahoma County. Pursuant to 28 U.S.C. § 1915A, this Court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. *See also* 28 U.S.C. § 1915(e) (pertaining to actions brought *in forma pauperis*). It is the

responsibility of the Court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief may be granted or seeks relief from an immune defendant.  28 U.S.C. §§ 1915A(b). 1915(e)(2)(B).

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965).  Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Because the district courts in the State of Oklahoma operate as arms of the State, *see generally* Okla. Const. Art. 7, § 7, Plaintiff's claims against the District Court of Oklahoma County are, in essence, claims against the State of Oklahoma.  The Eleventh Amendment bars suits by private citizens against a State. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Oklahoma has not waived its Eleventh Amendment immunity and, therefore, Plaintiff's § 1983 claim for damages against the District Court of Oklahoma County is barred.  *See Ramirez v. Oklahoma Dept. of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994), overruled on other grounds by *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1194-97

(10th Cir. 1998). Plaintiff's claim against the District Court of Oklahoma County should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)( 2)(B)(iii), as Plaintiff seeks monetary relief against a defendant who is immune from such relief.

To the extent that Plaintiff's claim could be construed as a claim against a judge of the District Court of Oklahoma County, such claim would be barred by the doctrine of absolute judicial immunity. Plaintiff does not allege any facts suggesting that any judicial officer acted "in the clear absence of all jurisdiction." *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1189 (10th Cir. 2003). Because Plaintiff has failed to state a claim against the District Court of Oklahoma County, it is recommended that all claims against this Defendant be dismissed.[8]

---

[8] In addition to seeking monetary relief, Plaintiff also requests some form of injunctive relief. In the Complaint, he seeks "dismissal" of the criminal charges and a prohibition against future charges being filed against him for the same offense and in his Motion to Amend he seeks "immediate release." The record establishes that during the pendency of this action, Plaintiff pled guilty to the criminal charges which are the subject of his § 1983 claims. Therefore, his requests for dismissal of the criminal charges and a prohibition against future charges being filed for the same offense now appear to be moot. Moreover, a judgment of conviction and sentence has been entered against him on these criminal charges. Any challenge to that conviction and sentence must be brought in a habeas corpus action and is not cognizable in this action brought pursuant to 42 U.S.C. § 1983. *See McIntosh, supra*, 115 F.3d at 812. And, before challenging the conviction and sentence in a federal habeas action, Plaintiff would first be required to exhaust available state court remedies, thereby providing the state courts the first opportunity to address his request for dismissal of the criminal charges and/or immediate release. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) ("Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies" and this requirement applies whether seeking habeas relief pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241).

## V.     Claims Against Defendant Board

Plaintiff has alleged no facts against Defendant Board. Apparently, Plaintiff issued summons to Defendant Board in an attempt to effect service on the District Court of Oklahoma County. As discussed above, the District Court of Oklahoma County is immune from suit. Moreover, Defendant Board has no relationship to the District Court of Oklahoma County which, as discussed above, is an arm of the State of Oklahoma.

Moreover, to hold Defendant Board liable for any of the alleged constitutional violations, Plaintiff would have to show that the alleged violation was the result of an official policy, custom, or practice of Defendant Board. *See Monnell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff has stated no facts suggesting that a policy, custom or practice of Defendant Board led to the alleged constitutional violations. Accordingly, all claims against Defendant Board should be dismissed.

## VI.    Claims Against Defendant Whetsel

Plaintiff contends that he was unlawfully detained for 14 days at OCDC. This claim is based on Plaintiff's contention that there was no judicial determination of probable cause made within 48 hours of his warrantless arrest on January 27, 2007. He further states that the conditions of his confinement during his incarceration at OCDC violated his Eighth Amendment right to be free of cruel and unusual punishment.[9] Defendant Whetsel states that

---

[9] As noted, Plaintiff was a pretrial detainee during the period of his incarceration at OCDC at issue. Therefore, his claims alleging unconstitutional conditions of confinement arise under the Due Process Clause rather than the Eighth Amendment. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). The Eighth Amendment does, however, provide the benchmark for such claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

Plaintiff did receive a judicial determination of probable cause within 48 hours of the initial warrantless arrest. He further contends that Plaintiff has failed to exhaust his administrative remedies regarding the conditions of his confinement.

A Special Report has been submitted by the Oklahoma County Sheriff's Office and is attached to Defendant Whetsel's Motion to Dismiss.[10] The Court has provided Plaintiff with an opportunity to respond to the materials submitted outside the pleadings and has considered these materials in accordance with Rule 12(d) and Rule 56 of the Federal Rules of Civil Procedure. Therefore, with respect to the claims against Defendant Whetsel, the Motion to Dismiss is treated as a motion for summary judgment.

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so

---

[10]The Court notes that the Special Report consists of material submitted without explanation and compiled in no discernible order. Only after carefully combing through the materials was this Court able to find the documents referenced by Defendant Whetsel in support of his defense. Plaintiff's submissions to the Court are even more disorderly and consist of a hodgepodge of statements that are often repetitive, unintelligible or irrelevant to the claims asserted. Nevertheless, the parties have submitted a record, though minimal in substance, sufficient to address the dispositive issues of the case.

one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

When an affirmative defense, such as failure to exhaust administrative remedies, is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

### A. **Judicial Determination of Probable Cause**

Plaintiff's contention that he was not afforded a timely judicial determination of probable cause after his warrantless arrest is refuted by a copy of a Probable Cause Affidavit submitted by the arresting officer to a judge of the District Court of Oklahoma County on January 28, 2007. On that date, the court found that probable cause for Plaintiff's arrest existed at the time of the arrest. *See* Probable Cause Affidavit, Doc. #37-3, page 8. Plaintiff has not shown any evidence to support a genuine dispute of fact regarding the judicial finding of probable cause, and based on the record before the Court Plaintiff's contention appears to be premised solely on erroneous conjecture and speculation on his part. Accordingly, Defendant Whetsel should be granted summary judgment on this claim.[11]

---

[11]To the extent Plaintiff alleges violations of other constitutional rights relating to his arrest, Plaintiff fails to allege facts demonstrating that Defendant Whetsel personally participated in or
(continued...)

**B.   Conditions of Confinement**

Plaintiff's Complaint contains a litany of conditions of confinement he claims were unconstitutional. He contends that he has been deprived of a "healthful place in which to live which includes clean and orderly surrounding(s)." Complaint at 6. Additionally, Plaintiff claims that he was deprived of nutritious meals, proper clothing, opportunities to shower, proper ventilation, fresh air, recreational opportunities, outdoor exercise, adequate cell space, and the ability to use the toilet in private. Plaintiff further complains that he was never given cleaning supplies, that the food was served cold, and that he was forced to wear used underwear.

The PLRA mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[11](...continued)
caused the alleged constitutional violations. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation."); *see also Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (holding that an allegation of personal participation is required in a §1983 civil rights action). Therefore, any additional claims against Sheriff Whetsel should be dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Strepka v. Miller*, 28 Fed. Appx. 823, 828 (10th Cir. Nov. 1, 2001) (unpublished op.) (dismissing § 1983 claim alleging a violation of Fourth Amendment rights for failure to conduct a prompt judicial determination of probable cause following warrantless arrest where plaintiff failed to allege facts showing that each defendant personally participated in or caused the constitutional violation).

42 U.S.C. § 1997e(a).  Failure to exhaust administrative remedies is an affirmative defense,[12] *see Jones v. Bock*, 127 S.Ct. 910, 921 (2007), and Defendants have raised this defense.  In a Memorandum submitted to the author of the Special Report, the Inmate Grievance/Disciplinary Coordinator, Cpl. Brandon Todd, states that he has no records of any "Grievances" for Gregory Edwards.  *See* Doc. #37-3, page 7.  Significantly, Plaintiff does not controvert that statement nor does he challenge or even address this affirmative defense in his response to Defendants' Motion, and he provides no evidence to support a genuine dispute on this issue.[13]  Plaintiff's claims regarding the allegedly unconstitutional conditions of his confinement should, therefore, be dismissed without prejudice for failure to exhaust administrative remedies.

---

[12]Plaintiff stated in the Complaint that he had "ask[ed] for a finding of facts and conclusion of law(s) where constitutional violations Plaintiff may enter into federal court for relief." Complaint at 9.  Two exhibits are attached to his Complaint.  One appears to be a pleading filed in the District Court of Oklahoma County seeking suppression of the Information in Case No. CF-2007-1086.  The other is a Request to Staff apparently submitted by four pretrial detainees 14 days before Plaintiff filed this lawsuit, who complain that they were being housed in a cell intended to house only three inmates.  The name of the requesting inmate(s), however, is simply identified as "Pretrial Detainees."  In contrast to the Request to Staff, Plaintiff's Complaint filed on February 4, 2008, says that Plaintiff was in Cell 19 on the 6th floor, Pod A, with two, not three, other inmates.  Complaint at 7.  Even if this Request to Staff is considered, it does nothing to controvert Defendants' affirmative defense that Plaintiff failed to submit grievances to exhaust the administrative remedies for the claims asserted in this case.

[13]By Order of July 23, 2008 [Doc. #38], this Court advised Plaintiff that when a dispositive motion is supported by materials outside the pleadings, the party opposing the motion may not rely upon the mere allegations in his pleadings to counter the motion but must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at trial.

12

**RECOMMENDATION**

It is recommended that Plaintiff's claims against the District Court of Oklahoma County be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). It is further recommended that the Motion to Dismiss of Defendants Whetsel and Board [Doc. #37] be treated as a motion for summary judgment and that the motion be granted. It is recommended that Plaintiff's Motion to Amend and Add Parties [Doc. #20], Motion to Amend Relief Requested [Doc. #21], Motion for Extraordinary Writ [Doc. #32], Motion for Appointment of Counsel [Doc. #54], Motion for Department of Justice Intervention [Doc. #55], Motion for Order [Doc. #62] and Application for Immediate Relief [Doc. #69] be denied.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January __5th__, 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __12th__ day of December, 2008.

*[signature: Valerie K. Couch]*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE